FILED
07/10/2018
Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs June 5, 2018

## ASHLEY LEE BUNN v. HEATH BRANDON BUNN

**Appeal from the Probate Court for Cumberland County**
**No. 2017-PF-5480   Larry Michael Warner, Judge**

_____

### No. E2017-02491-COA-R3-CV

_____

In a pending divorce proceeding, Wife filed four separate contempt petitions against Husband. After a court appearance on Wife's third and fourth petitions, without taking evidence and without finding Husband in contempt, the trial court ordered that Husband be taken into custody and confined in jail for a period of thirty days. A mittimus subsequently issued, and Husband appealed. For the reasons stated herein, the trial court's order is reversed and the issued mittimus is vacated.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Reversed in Part, Vacated in Part and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which ANDY D. BENNETT and THOMAS R. FRIERSON, II, JJ., joined.

Melanie Lane, Jamestown, Tennessee, for the appellant, Heath Bunn.

Ashley Bunn, Appellee.[1]

## MEMORANDUM OPINION[2]

### BACKGROUND

_____

[1] The Appellee did not file a brief in this appeal.

[2] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This appeal concerns an order arising out of a contempt proceeding incidental to a divorce. On February 3, 2017, Ashley Lee Bunn ("Wife") filed a complaint for divorce against Heath Brandon Bunn ("Husband"). On April 5, 2017, Husband answered and filed a counter-complaint for divorce. The parties had two minor children born of the marriage.

After a hearing, the trial court entered an order on April 26, 2017, mandating that Wife would have exclusive possession of the marital home and custody of the minor children pending the issuance of a final decree of divorce. Husband was also ordered to pay Wife $1,000.00 per month in temporary alimony and $362.00 per month in child support.[3]

Following the filing of two separate contempt petitions that are not relevant to the order on appeal, Wife filed a third contempt petition on October 4, 2017. Wife alleged that, after Husband vacated the property, she had entered the marital home and discovered that the granite countertops in the kitchen had been destroyed, wallpaper had been torn from the wall, cabinetry in the kitchen had been removed, and the sink had been destroyed. Husband responded, alleging that the damages had occurred during the repair of a water leak.

On November 20, 2017, Wife filed a fourth contempt petition. Wife alleged that Husband had failed to make alimony or child support payments for the month of October. Husband responded, alleging that he was unable to meet the financial burden of the alimony and child support payments due to an injury. We observe that neither the third or fourth contempt petitions specified whether Wife was seeking to hold Husband in criminal or civil contempt.[4]

On November 28, 2017, a hearing was scheduled on Wife's third and fourth contempt petitions. Wife, Wife's attorney, and Husband's attorney appeared in court on the scheduled date. Husband did not attend. According to the statement of evidence transmitted on appeal, "[n]o testimony or other evidence was presented." On November 29, 2017, the trial court entered an order which states in its entirety as follows:

This cause came to be heard on the 28ᵗʰ day of November, 2017, on the Plaintiff's Third and Fourth Petitions for Contempt.

_____

[3] The trial court later entered an amended order reducing Husband's child support to $ 311.00 per month after discovering that Husband was already paying child support for another child from a previous relationship.

[4] The fourth contempt petition, however, prayed that Husband be incarcerated until alleged outstanding support payments were paid in full. When the one in contempt has the "keys to the jail" and can purge the contempt through compliance with the court's order, the contempt is civil in nature. *See Ahern v. Ahern*, 15 S.W.3d 73, 79 (Tenn. 2000) (citations omitted).

- 2 -

Defendant, HEATH BRANDON BUNN, did not appear in Court. Defendant was previously found in Contempt and sentenced to thirty (30) days.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

That an Order of Mittimus be issued, and the Defendant, HEATH BRANDON BUNN, be taken into custody to be confined in the Cumberland County jail for a period of thirty (30) days.

Thereafter, the mittimus was issued. Husband timely appealed.[5]

## STATEMENT OF THE ISSUES

Husband has presented the following issues for our review, which we have restated as follows:

- Whether Husband received minimal procedural due process protection before being sentenced to thirty days in jail for "criminal" contempt.

- Whether Husband's guilt was established by proof beyond a reasonable doubt. Wife has not participated in this appeal.

## ANALYSIS

In the prayer to his appellate brief, Husband requests that we "reverse the trial court's November 29, 2017 order finding him in contempt." His arguments proceed on the understanding that the trial court actually held him in criminal contempt. Although we are of the opinion that the trial court's order must be reversed, we note that there is no finding of contempt in the order appealed from. The trial court may have perhaps intended its November 29, 2017 order to find Husband in contempt based on the allegations in Wife's third and fourth contempt petitions, but a contempt finding is not present.[6] The order is similarly devoid of any factual findings relating to the evidentiary underpinning of a putative contempt. Further, there does not appear to be any evidentiary basis in the record upon which the trial court could have made a contempt finding. With

---

[5] On December 18, 2017, Husband filed a motion seeking to stay enforcement of the trial court's November 29, 2017 order, but there is no order in the record reflecting whether or not a stay was granted.

[6] The order merely states that Husband was *previously* found in contempt and sentenced to thirty days. Presumably, this reference is to the sentence for contempt imposed by the order entered on Wife's first petition for contempt, which sentenced Husband to jail but suspended the sentence to allow Husband an opportunity to purge himself of contempt. It is undisputed that Husband purged himself of the contempt referenced in that order.

respect to this last point, we note that although Wife and the parties' attorneys appeared before the trial court on November 28, 2017 for a scheduled hearing, the record is devoid of any facts, including in the trial court's order, to reflect that the court ever actually held an evidentiary hearing on Wife's third and fourth contempt petitions before sentencing Husband to thirty days incarceration. As already noted, the statement of evidence recites that "[n]o testimony or other evidence was presented" at the scheduled hearing.

Because the trial court ordered Husband incarcerated in the absence of any evidence and findings based on evidence, its order must be reversed.[7] That aside, a few additional comments are in order if we assume that the trial court intended to incarcerate Husband for criminal contempt, despite the absence of a specific finding, given the unconditional nature of the punishment directed through the order. *See Black v. Blount*, 938 S.W.2d 394, 398 (Tenn. 1996) ("[S]anctions for criminal contempt are generally both punitive and unconditional in nature.").

As our state Supreme Court has noted:

> Criminal contempt is often regarded as a "crime" because certain substantial rights and constitutional privileges afforded criminal defendants are also afforded criminal contemnors. For example, indirect criminal contempt may only be punished after the accused contemnor has been given notice and an opportunity to respond to the allegations at a hearing. In addition to the notice requirements, the United States Supreme Court and this Court have long recognized that an alleged criminal contemnor, like a person charged with a criminal offense, is presumed to be innocent, must be proven guilty beyond a reasonable doubt, and cannot be compelled to testify against himself.

*Baker v. State*, 417 S.W.3d 428, 436 (Tenn. 2013) (internal citations and footnote omitted). Regarding the notice required to be given to parties facing a criminal contempt charge, it is well settled that such parties must be "given explicit notice that they are charged with criminal contempt and must also be informed of the facts giving rise to the charge." *Long v. McAllister-Long*, 221 S.W.3d 1, 13 (Tenn. Ct. App. 2006) (citations omitted).

Here, there is no indication that Husband was ever even notified that he was facing a criminal contempt charge. Moreover, because the trial court heard no testimony and

---

[7] Although one response to the absence of findings of fact and conclusions of law is to vacate an order and remand for specific findings pursuant to Rule 52.01 of the Tennessee Rules of Civil Procedure, *see, e.g.*, *Williams v. Singler*, No. W2012-01253-COA-R3-JV, 2013 WL 3927934, at *18 (Tenn. Ct. App. July 31, 2013) (vacating contempt finding and remanding for specific findings when there was no indication whether the contempt was civil or criminal), here there is no evidentiary record upon which the trial court can make any findings.

took no proof at the November 28, 2017 hearing, Husband's guilt could not have been established beyond a reasonable doubt as required in a criminal contempt proceeding.

## CONCLUSION

For the aforementioned reasons, the trial court's order of November 29, 2017 is reversed and the issued mittimus is vacated. The case is remanded for such further proceedings as may be necessary and are consistent with this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE